IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NICHOLAS CORTEZ ADDISON                                                          PLAINTIFF

V.                              NO: 3:15CV00268 JLH/PSH

JOEY MARTIN *et al*                                                               DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Nicholas Cortez Addison, who is currently held at the Poinsett County Detention Center, filed a *pro se* complaint, along with an application for leave to proceed *in forma pauperis*, on September 8, 2015.

Because plaintiff's complaint should be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), his application for leave to proceed *in forma pauperis* should be denied.

Under the three-strikes provision of the PLRA, a prisoner may not bring a civil action *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that plaintiff has had more than three prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Addison v. Martin et al*, ED/AR No. 3:15CV00001, *Addison v. Martin et al*, ED/AR No. 3:15CV00096; *Addison v. Muse*, ED/AR No. 3:15CV00133, *Addison v. Martin*, ED/AR No. 3:15CV00164. The Court additionally finds, based on the allegations contained in plaintiff's present complaint, that he is not in imminent danger of serious physical injury. Specifically, plaintiff asserts that he went without his psychiatric medication for three days in late August of 2015, despite his requests for assistance. There is no allegation that any problems with his medication are ongoing, and grievance responses attached to the complaint indicate the medication has been ordered. Such claims do not describe imminent danger of serious physical injury.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's application for leave to proceed *in forma pauperis* (docket entry 1) be DENIED, and his complaint be DISMISSED WITHOUT PREJUDICE. If plaintiff wishes to continue this case, he should be required to submit the filing and administrative fees of $400.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the case's dismissal, along with a motion to reopen the case. Upon receipt of the motion and full payment, this

case should be reopened.

2. The Court additionally certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 16th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE